UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONSTAR MORTGAGE LLC,

     Plaintiff,

v.

SAMUEL DONNELL WILLIAMS
aka SAMUEL D. WILLIAMS, *et al.*,

     Defendants.

:

:

:

:

Case No. 2:26-mc-21
Chief Judge Sarah D. Morrison

FILED
RICHARD W. NAGEL
CLERK OF COURT

2026 JUL -6  AM 8: 29

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## OPINION AND ORDER

Based on his "recognized history of improperly removing cases" to federal court, this Court deemed Samuel D. Williams a vexatious litigator and enjoined him from filing any new complaints or notices of removal without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that the complaint or notice of removal is non-frivolous, or (ii) tendering a proposed complaint or notice of removal for review by this Court prior to filing. (ECF No. 12, Case No. 2:26-cv-5.[1])

Despite this designation, Mr. Williams, an Ohio resident proceeding without the assistance of counsel, has submitted a Notice of Removal and several exhibits, seeking to remove the above-captioned case to this Court from the Fairfield County Court of Common Pleas. (ECF No. 1.) Having reviewed the proposed Notice of

---

[1] Although Mr. Williams has appealed the Court's Order containing the vexatious litigator designation (*see* ECF No. 16, Case No. 2:26-cv-5), a trial court's judgment takes effect despite a pending appeal unless the court issues a stay, which has not happened here. *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015).

Removal and exhibits, the Court declines to permit Mr. Williams to remove the case to federal court because his removal is untimely.

A defendant must file a notice of removal within thirty days after he receives an initial pleading "through service or otherwise." 28 U.S.C. § 1446(b). To trigger the thirty-day removal period, either service of process or waiver thereof is required. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999). "A defendant's failure to comply with the thirty-day limitation … is an absolute bar to removal regardless of whether the removal would have been proper if timely." *Zeigler v. Beers*, 412 F. Supp. 2d 746, 750 (N.D. Ohio 2005) (citation omitted) (applying Ohio law).

Mr. Williams argues that his removal is timely because Plaintiff has yet to properly effectuate service on him, meaning that the removal clock has yet to start. (*See* ECF No. 1.) But under Ohio law, a defendant waives the defense of insufficiency of service of process unless he raises it in a responsive pleading or motion. Ohio Civ. R. 12(H)(1). Here, Mr. Williams filed an Answer and a Motion to Dismiss in state court, but he neglected to raise an objection to service of process in either filing. So, he waived the affirmative defense of insufficiency of service of process, submitted to the state court's jurisdiction, and "cannot now raise defective service to excuse [his] untimely notice of removal." *Zeigler*, 412 F. Supp. 2d at 751.

Moreover, Mr. Williams has actively litigated the merits of Plaintiff's claims against him since February 2026. Among other things, the parties have filed competing motions to dismiss and motions for summary judgment, which remain

pending before the state court. "Such active participation … unquestionably constitutes waiver of defective service and acquiescence to state court jurisdiction under Ohio law." *Zeigler*, 412 F. Supp. 2d at 752 (citing cases). Mr. Williams admits that he obtained a copy of the state-court Complaint through his "independent review of the public docket" in early 2026. (ECF No. 1.) At that point, he was obligated to promptly seek removal—not wait several months while continuing to defend on the merits in state court.

Accordingly, the Court will not allow Mr. Williams to remove the above-captioned case from state court. The Clerk is **DIRECTED** to open a miscellaneous action, docket Mr. Williams's filings as one entry therein and this Opinion and Order as a second entry, and **TERMINATE** the action.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**